IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**PATRICK HUBBARD**

    **Plaintiff**

vs.

FILED AUG 15 2011 CIRCUIT COURT CLERK BY _____ D.C. Docket No. CT-003759-11 Division II

**CITY OF MEMPHIS** and,
**ZACHARY APEL**, and
**DARNELL BRIDGEFORTH**, and
**GUY HENDREE**,

    **Defendants**

## COMPLAINT

TO THE HONORABLE JUDGE OF THE CIRCUIT COURT OF THE SHELBY COUNTY, TENNESSEE:

1. Plaintiff, **PATRICK HUBBARD**, sues the defendants, **CITY OF MEMPHIS** and, **ZACHARY APEL, (APEL)** and **DARNELL BRIDGEFORTH, (BRIDGEFORTH)** and **GUY HENDREE, (HENDREE)** for personal injuries and for cause of action states the following:

2. Plaintiff is a resident citizen of Memphis, Shelby County, Tennessee.

3. The Defendant, **CITY OF MEMPHIS** is a city municipality with its offices at 125 N. Main Street, within Shelby County, Tennessee and may be served process by serving A. C. Wharton, Mayor there of, in the above offices, and by delivering a copy of the process with a copy of the Complaint to the office of Herman Morris, City of Memphis Attorney at the same address.

4. Defendants, **ZACHARY APEL**, and **DARNELL BRIDGEFORTH**, and **GUY HENDREE** are residents of the City of Memphis, and/ or Shelby County,



Tennessee whose addresses are unknown, and are employees of the Defendant City, with the Memphis, Police Department, and may be serviced process through the Memphis Police Department at 201 Poplar Ave, Memphis, TN 38103.

5. At all time pertinent to the facts herein, the Defendant, **APEL**, was a training officer with the Police Department and his supervisor and trainer on this night was the Defendant, **BRIDGEFORTH**. Also, at all times herein, the individual named defendants were all employed by and on or about the business of the Defendant **CITY**, and were each acting with the course and scope of their employment with the **CITY**, and all actions and conduct of said officers are as such for the defendant **CITY**.

6. Plaintiff alleges upon information and belief that on or about August 15, 2011 at about 9 p.m. the police had answered a "domestic violence call" at 3567 Tall Oaks Circle in the Clearbrook Apartments, and after receiving information from that complainant observed the reported suspect (not the Plaintiff) in the apartment complex and gave chase of him on foot. That the police, and defendants named herein, lost the suspect who had run out of the apartments and onto the Winchester area, but had in some way, supposedly returned to the apartments, so the police state in their reports, and although thought to be in the apartments, was not seen by them.

7. Plaintiff further charges and alleges that without any knowledge of the foregoing, he was returning to his apartment and had parked his car at the location of his apartment at 3578 Tall Oaks, in the City of Memphis in the Clearbrook Apartments. He had walked to his apartment from his car. While placing his door key into the lock, he was grabbed and "snatched" by the Defendant, **ZACHARY APEL**, without any advise or warning of such and physically laid hands upon the Plaintiff without any provocation or cause to do so and without any identification as to who he was, and without any identification that Plaintiff was the supposed "suspect" of the domestic violence

occurrence, did drag the Plaintiff from his door backwards away from it and down some steps to a landing, between the floors and was joined by the defendant, **BRIDGEFORTH,** where each officer began beating, stomping and using a club type device called an **"asp"** (being a deadly weapon when used as trained by the City and other law enforcement), upon the Plaintiff. The Defendant, **APEL,** and **BRIDGEFORTH** both used these devices as well as their physical bodies and the element of surprise catching Plaintiff off guard, placing him in fear for his life. Plaintiff not being forewarned, attempted to defend himself from the blows of these two defendants by placing his hands and arms in front of the devices to block the same, yelling at the same time, "what is going on..... I didn't do anything wrong" or utterance of words to that effect. The two officers continued in spite of Plaintiff's pleas for them to stop. Several neighbors came out hearing the disturbance, including the original complainant of the "domestic violence call", and stated that Plaintiff was not the correct person. Police had been given a description of dreadlock hair, white T-shirt and blue jean "short pants". Plaintiff had the same type but different color hair, T-shirt but had on "long" blue jean pants. This clothing of the Plaintiff was not the type of clothing of the original suspect, which the police were chasing and was easily discernable, had they exercised correct and reasonable decision making process for which they were supposed to be trained and based upon their education, training and expertise as law enforcement persons.

    8.    Although not involved in the beating of the Plaintiff without provocation, Plaintiff is advised that the Defendant, **GUY HENDREE,** was in close proximity of these events and watching as they transpired, and made no attempt to intervene or come to the aid of Plaintiff or attempt to restrict or restrain the other two officers in any way from beating the Plaintiff and lessening his injuries. As such he became a passive participant, although he did not physically assault the Plaintiff as the other officers.

9. As a result of the assault upon the Plaintiff he was seen at the Delta Medical Hospital although he was not taken by an ambulance to the hospital due to his lack of trust of the City employees after the events, including the ambulance attendants. He sustained injuries to his back, side, legs, arms and various parts of his body, all of which was painful and caused him bruising, soreness and stiffness for a period of time and he was seen at the Hospital by its personnel, all of which was proximately caused by the Defendants due to their failures and misconducts, which is imputed to the City of Memphis.. The Plaintiff sustained a loss of time from his employment and a loss in his earning capacity, as well as a temporary loss of enjoyment of life. Additionally, Plaintiff has incurred medical expense for his treatment and care of his injuries.

10). Plaintiff charges and alleges that the individual named defendants failed to follow proper procedures, policies and guidelines, upon attempting to detain an individual and certain procedures and policies of the City all producing great pain and suffering and mental anguish. Defendants are charged with the duty to protect and guard the citizens of this community and to guard against harming any of them, whether in violation of a law or thought to be so. As a result of their acts of negligence and misconduct jointly and severally committed an/or physically assaulted and violated the Plaintiff producing all of the above which placed him in fear for his life; either directly or indirectly:

    a.) Failed to advise Plaintiff of who they were and had no provocation or right for the personal assault upon the Plaintiff;

    b.) Used excessive force;

    c.) Committed an assault and battery upon the Plaintiff;

    d.) Failed and/or were negligent in making a proper identification of the Plaintiff

4

e.) Failed to use good decision making choices in their attempt to be forceful and macho in their actions;

f.) Failed in their decision making process;

g.) Violated Policies and Training established by the City;

11.) Plaintiff upon information and belief is advised that the Defendant, **APEL**, pulled his service revolver from its holster and brandished it in his threats of others, as they were trying to tell the officers that they did not have the original suspect.

12.) As a result of the foregoing, Plaintiff charges and alleges that the Defendant **CITY OF MEMPHIS** is vicariously liable for the actions and misconduct of its officers and defendants herein.

13.) Plaintiff charges and alleges that the Defendant, **CITY OF MEMPHIS**, is further liable in is process of training the Defendants herein in that they failed to adhere to the Orders of the City, its Policies and Training Manuals, Procedures and Directives so that they would comply with such in the pursuit of enforcing the laws of the City, County and state, and in further protecting the Plaintiff with his Constitutional rights. That is their degree of training and education it failed to properly supervise the Defendants, especially the Defendant, **APEL**, and its action of placing them in such assignments created a reckless endangerment to the public in general and particularly the Plaintiff. All Defendants breached their public duty to protect and abused their authority.

14.) Plaintiff charges and alleges that the individual Defendants acted knowingly, intentionally and with a conscious disregard for the safety, health and welfare of the general public but particularly the Plaintiff herein and therefore should respond in punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff sues the Defendant for a sum to be determined fair and reasonable by a Court without a jury or a jury (in the event the City should be dismissed by the Court) not to exceed Seventy Thousand Dollars ($70,000.00) for compensatory and punitive damages against the individual officers, together with all costs, including discretionary.

Respectfully submitted,

JERRY F. TAYLOR & ASSOCIATES

_____
JERRY F. TAYLOR, #7943
Attorney for Plaintiff
1779 Kirby Parkway, #1, - Box 192
Memphis, TN 38138
901/522-1234